IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-157

No. 275A21

Filed 17 December 2021

IN THE MATTER OF: S.J., V.J., L.J., R.J., C.J.


Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 21 April 2021 by Judge Angelica C. McIntyre in District Court, Robeson County. This matter was calendared for argument in the Supreme Court on 12 November 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Sydney Batch for respondent-appellant father.*

*J. Edward Yeager, Jr. for petitioner-appellee Robeson County Department of Social Services.*

*Carrie A. Hanger for appellee guardian ad litem.*


EARLS, Justice.

Respondent appeals from an order entered on 21 April 2021 by the District Court, Robeson County, terminating his parental rights in his minor children "Sarah," "Victor," "Leo," "Ryder," and "Colby."[1] After careful review, we affirm.

Respondent become involved with the Robeson County Department of Social Services (DSS) due to reports that he was violent with the children's mother in June

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

2012. In April 2014, he was arrested following a high-speed car chase. Two of respondent's children were in the vehicle when he was apprehended, and respondent had been "drinking all day." After conducting a hearing on 21 January 2015, the trial court entered an order adjudicating the children to be neglected juveniles based on both parents' substance abuse issues and allegations of domestic violence. The children were eventually returned to their mother's custody. After a hearing on 6 February 2019, the children were again adjudicated to be neglected, again based on substance abuse issues and allegations of domestic violence involving both parents.

¶ 3        Respondent entered into a case plan. Initially, he made significant progress, and in June 2019, the children were returned to the care of respondent and their mother on a trial basis. However, in September, the placement was disrupted after DSS received a referral alleging ongoing substance abuse and domestic violence issues involving both parents. On 21 May 2020, DSS filed a petition to terminate both parents' parental rights.

¶ 4        The trial court conducted a hearing on DSS's termination petition on 18 February 2021. Respondent was not present. At the conclusion of the hearing, the trial court entered an order concluding that grounds existed to terminate respondent's parental rights on the grounds of neglect, N.C.G.S. § 7B-1111(a)(1), willful failure to make reasonable progress to correct the conditions which led to the juveniles' removal, N.C.G.S. § 7B-1111(a)(2), and willful failure to pay a reasonable

portion of the cost of caring for the juveniles, N.C.G.S. § 7B-1111(a)(3). The court further concluded that it was in the best interests of all five juveniles to terminate respondent's parental rights. After the order terminating parental rights was entered, respondent timely filed a notice of appeal.[2]

¶ 5        On appeal, counsel for respondent filed a no-merit brief on her client's behalf under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. Counsel advised respondent of his right to file pro se written arguments on his own behalf and provided him with the documents necessary to do so. *See* N.C. R. App. P. 3.1(e). Respondent has not submitted written arguments to this Court.

¶ 6        This Court independently reviews issues identified by counsel in a no-merit brief filed pursuant to Appellate Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402 (2019). In this case, respondent's counsel represented that after thoroughly reviewing the record, she had determined that "there is no issue of merit on which to base an argument for relief and that this appeal would be frivolous."

¶ 7        The termination of parental rights is a two-stage process consisting of an adjudicatory stage and a dispositional stage. *See* N.C.G.S. §§ 7B-1109, -1110 (2019). If, during the adjudicatory stage, the trial court finds grounds to terminate parental rights under N.C.G.S. § 7B-1111(a), the trial court proceeds to the dispositional stage,

---

[2] The trial court also terminated the parental rights of the juveniles' mother and an unknown father. Neither the juveniles' mother nor the unknown father timely filed a notice of appeal of the termination order, and thus they are not parties to this appeal.

where it is tasked with determining whether termination of parental rights is in the best interests of the juvenile. *See, e.g., In re E.S.*, 378 N.C. 8, 2021-NCSC-72, ¶ 11. "We review a trial court's adjudication of grounds to terminate parental rights to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law." *In re R.L.D.*, 375 N.C. 838, 840 (2020) (cleaned up). "The trial court's assessment of a juvenile's best interests at the dispositional stage is reviewed solely for abuse of discretion." *In re A.U.D.*, 373 N.C. 3, 6 (2019).

¶ 8 With regard to the trial court's adjudicatory order, counsel for respondent acknowledges that competent evidence supports the trial court's findings of fact and that these findings of fact support the trial court's conclusion of law that respondent neglected the juveniles within the meaning of N.C.G.S. § 7B-1111(a)(1). A petitioner may establish that grounds exist to terminate a respondent-parent's parental rights on the grounds of neglect in one of two ways. First, if the respondent-parent maintained custody of the juvenile until near to the time that termination proceedings were initiated, the petitioner must prove that the respondent-parent was neglecting the juvenile as that term is defined in N.C.G.S. § 7B-101(15). *See In re R.L.D.*, 375 N.C. 838, n.3 (2020). Second, if the juvenile "has not been in the custody of the parent for a significant period of time prior to the termination hearing," the petitioner must "make[ ] a showing of past neglect and a likelihood of future neglect

by the parent." *In re N.D.A.*, 373 N.C. 71, 80 (2019) (cleaned up).

¶ 9 Here, the trial court order established that all five juveniles had previously been adjudicated to be neglected juveniles. In the years following this adjudication, respondent was again arrested for driving while intoxicated with his children in the vehicle. In 2018 alone, he was charged with driving while intoxicated on four occasions. Respondent was provided the opportunity to care for his children during a "trial home placement" by order of the trial court on 27 June 2019. However, on 11 September 2019 DSS received a referral alleging ongoing substance abuse and domestic violence issues involving both parents. Respondent admitted to DSS that he was still smoking marijuana. He subsequently tested positive for marijuana and gabapentin, an anticonvulsant prescription medication. This evidence supports the trial court's finding that there existed "a high likelihood that the neglect would continue" if the children were returned to respondent's care. The trial court's findings regarding past neglect and the likelihood of future neglect are sufficient to support its conclusion that grounds existed to terminate respondent's parental rights on the basis of neglect.

¶ 10 "Because only one ground is needed to support termination," *In re A.L.*, 378 N.C. 396, 2021-NCSC-92, ¶ 15, we turn to our review of the trial court's dispositional findings and conclusions. At the dispositional stage of a termination proceeding, the trial court is tasked with deciding "whether terminating the parent's rights is in the

juvenile's best interest." N.C.G.S. § 7B-1110. Subsection 7B-1110 further provides that the trial court

> shall consider the following criteria and make written findings regarding the following that are relevant:
>
> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

*Id.*

¶ 11        With regard to the trial court's dispositional order, counsel for respondent acknowledges that the trial court addressed the criteria set forth in N.C.G.S. § 7B-1110 and that, based on the trial court's factual findings which are supported by evidence in the record, the trial court did not abuse its discretion in concluding that it was in the juveniles' best interests to terminate respondent's parental rights. Here, the trial court found that all five children were residing in appropriate placements where they were bonded to their caretakers, that the likelihood the children would be adopted was "extremely high," that there was "no bond" between the children and

respondent, and that termination of respondent's parental rights would "help achieve the permanent plan [of adoption] for the minor children." As counsel for respondent acknowledges, these findings are supported by the record and address the criteria provided under N.C.G.S. § 7B-1110. Accordingly, we conclude that "the trial court's decision on this matter was not so manifestly unsupported by reason as to constitute an abuse of discretion." *In re E.S.*, 378 N.C. 8, 2021-NCSC-72, ¶ 24.

Having considered the entire record and the issues identified in the no-merit brief, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.